# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RUSSELL MINIX, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-105 (MTT) |
| AMERICAN INTER-FIDELITY EXCHANGE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On June 29, 2018, Plaintiff Russell Minix filed suit against Defendants American Inter-Fidelity Exchange ("AIFE"), North American Carriers, Inc. ("NAC"), Ibro Bajgoric, John Doe, and John Doe, LLC in the State Court of Bibb County, alleging negligence based on a tractor-trailer collision with Bajgoric in Macon, Georgia. Doc. 3-1. After engaging in discovery, the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332 and § 1441 on March 28, 2019. Docs. 3; 3-5; 3-6; 3-7. Minix now moves to remand the case to the State Court of Bibb County, contending the Defendants (1) have not met their burden to show the jurisdictional amount-in-controversy requirement and (2) did not timely remove the case. Doc. 7. For the following reasons, that motion (Doc. 7) is **DENIED**.

### I. DISCUSSION

**A. Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on a document other than the initial pleading, such as discovery responses, the defendant must file the notice of removal within thirty days of service of the document. 28 U.S.C. § 1446(c)(3)(A). "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga.) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)). The party seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Lowery v. Ala. Power Co.*,

---

[1] Minix does not dispute that the parties are citizens of different states. *See generally* Doc. 7.

483 F.3d 1184, 1211 (11th Cir. 2007). If the evidence is ambiguous, "neither the defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id.* at 1214-15. However, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

### B. Amount in Controversy

Minix does not specify in his complaint the amount of damages that he seeks.[2] Doc. 3-1. Indeed, Minix has been quite cagey about the value of his case. This is not a criticism; lawyers often skirmish to avoid removal. Here, though, Minix has little to be cagey about.

Because it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the Defendants must otherwise prove that it is by a preponderance of the evidence. To do this, the Defendants conducted discovery to determine the amount in controversy. Docs. 3-8; 3-9; 3-10; 3-11; 3-12; 3-13; 3-14; 3-15; 3-16; 10. In his August 6, 2018 response to NAC's request for admissions seeking to establish basis for removal, Minix refused to admit that the amount in controversy exceeded $75,000. Docs. 3-10 ¶ 1; 3-13 ¶ 1 (stating that "[Minix] has not made a determination as to the value of his damages and therefore can neither admit or deny ['that the amount in controversy, exclusive of interest and costs, in this matter exceeds

---

[2] This cause of action arises from a trucking accident. Doc. 3-1. Minix alleges that when he was in the right turning lane, he was struck by Bajgoric's truck when Bajgoric attempted to make a right turn from the lane to the left of Minix. *Id.* ¶ 5.

$75,000']"). In his August 28 response to NAC's interrogatories, Minix stated he incurred $29,592.97 in medical bills and $7,944.84 in lost wages, totaling $37,537.81 in special damages. Docs. 3-12 ¶ 25; 3-13 ¶ 25. In his February 20, 2019 deposition, Minix's counsel seemed to confirm that a $2,000 medical bill was the only bill that had not been disclosed to the Defendants. Doc. 3-14 at 116:2-20. But on March 4, Minix's counsel produced an updated itemization of medical expenses totaling $56,093.03, which brought his special damages to $64,037.87. Doc. 3-15 at 3. The Defendants then quickly removed the case to this Court. Doc. 1.

The Defendants have met their burden to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. It is undisputed that Minix claims he incurred over $64,000 in special damages. Docs. 3-11 ¶¶ 25, 29; 3-15 at 3; 7 at 2 n.2; *see* Doc. 10 at 6. He suffered a torn rotator cuff, for which he had surgery, and the Court easily concludes that the special and general damages likely to be awarded for such a serious injury easily exceeds $75,000. Therefore, this Court has subject matter jurisdiction.

**C. Time of Removal**

Diversity jurisdiction is assessed "at the time of removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "[A] case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63 (internal quotation marks and

citation omitted).  All three conditions must be present before Rule § 1446(b)'s thirty-day removal clock starts ticking.

As the Defendants note, Minix's untimeliness argument, given his cageyness about the value of his case, is more than a little disingenuous.  Doc. 10 at 7.  He effectively denies the value of his case exceeds $75,000 and then argues the Defendants should have known much earlier than the date of removal that the value of his case exceeds $75,000.  Doc. 7 at 3-7.  Specifically, Minix argues that the Defendants "have been aware of Plaintiff's injury since receiving discovery responses on August 28, 2018, seven (7) months prior to filing the Notice of Removal."  *Id.* at 2.  Minix is referring to his discovery response dated August 28 stating that he incurred $29,592.97 in medical bills and $7,944.84 in lost wages, totaling $37,537.81 in special damages.  Doc. 7-1 ¶ 25.  The Court disagrees this information was sufficient to start the removal clock, particularly given Minix's evasiveness about the value of his claim and his efforts to thwart removal.  Then, on March 4, 2019, Minix sent updated medical expenses totaling $56,093.03 to the Defendants, which brought his special damages to $64,037.87.  Doc. 3-15 at 3.  The Defendants thus first ascertained that federal jurisdiction existed when they received the updated expenses, which indicated that the amount in controversy exceeded $75,000.  Seventeen days later, on March 21, the Defendants removed the case to this Court.  Put simply, the Defendants met the thirty-day deadline imposed by § 1446(b).

The Defendants have met their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, giving the Court subject matter jurisdiction over this case based on diversity.  The Court also finds that the

Defendants removed the case within thirty days of first ascertaining that federal jurisdiction existed. Accordingly, Minix's motion to remand (Doc. 7) is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the Defendants have established by a preponderance of the evidence that this Court has subject matter jurisdiction and that they timely removed the case. Accordingly, Minix's motion to remand (Doc. 7) is **DENIED**.

**SO ORDERED,** this 24th day of July, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT